## T. C. Veneman v. Leo Ruckle.

1. PARTNERSHIP—*relief granted upon bill to dissolve.* Upon a bill to dissolve a partnership, the court should not merely divide between the partners the assets of the firm but should settle its affairs, including the payment from its assets of its obligations.

Bill to dissolve partnership. Error to the City Court of Mattoon County; the Hon. LAPSLEY C. HENLY, Judge, presiding. Heard in this court at the November term, 1904. Affirmed. Opinion filed April 20, 1905.

EDWARD C. & JAMES W. CRAIG, JR., for plaintiff in error.

ANDREWS & VAUSE, for defendant in error.

MR. JUSTICE GEST delivered the opinion of the court.

The parties in this suit were engaged in business in partnership. The defendant in error, Leo Ruckle, brought this bill against her partner in business, Veneman, praying for the dissolution of the partnership, the appointment of a receiver, the settlement of the business of the firm, the distribution of its assets and for general relief. The respondent, Veneman, filed his answer to the bill and admitted therein that he was insolvent and consented to the appointment of a receiver. By agreement W. T. Avey was appointed receiver. The case was referred to the master, the master made report, hearing was had upon the pleadings and master's report and final decree entered. No exceptions were taken to the master's report nor does the report appear in this record except as it is referred to in the final decree as the basis of the finding of the court. In that decree the court finds, among other things, that at the time of filing the bill the partnership composed of complainant and defendant was insolvent, was indebted in the sum of $3,474.87, and that its tangible assets found and reduced to possession by the receiver amounted to $1,016.98. The court also finds that the defendant Veneman, has in his possession the sum of $661.11, which is a part of the assets of the firm and should be turned over to the receiver for the benefit, of the firm to be applied on the debts of the firm, and makes the like finding against the complainant, Ruckle, in the sum of $715.37. The court further finds "that there are no creditors of said firm that are entitled to any preference in the distribution of the funds in the receiver's hands other than those that have already been paid by the order of this court, and that the assets in the hands of the receiver and that may be received by him should be distributed *pro rata* among all the creditors that have proven their claims as appears from the evidence filed in this case and the list of creditors attached thereto," and

thereupon it is ordered that said Veneman and Ruckle severally turn in to the receiver the said sums above mentioned as in their possession severally and that the receiver pay therefrom the costs and expenses of the proceeding and that "he pay out and distribute the remainder *pro rata* upon the claims filed and proven with him as shown by the evidence, and that he distribute in the same manner any other funds or assets that may come to his hands hereafter, less his reasonable expenses in that behalf to be fixed by the court."

The errors assigned are, first, in ordering Veneman to pay in to the receiver said sum of $661.11; second, in ordering Ruckle to pay in to the receiver said sum of $715.37; third, in not ordering Ruckle to pay to Veneman the difference between $715.37 and $661.11; fourth, in ordering that the respective parties should pay the sums found due, to the receiver; fifth, in not finding the amount due either from defendant to complainant or complainant to defendant and ordering payment to the one to whom found due; sixth, that the decree is not supported by the allegations of the bill; and seventh, that the decree is not supported by the findings of the court.

The theory of plaintiff in error seems to be that all the court could do under this bill was to find how accounts stood between the two parties and divide the assets between them so that each should receive an equal amount.    Plaintiff in error has wholly misapprehended the scope of the bill and the powers of the court thereon.    The scope of the bill is to dissolve the partnership and settle up its affairs.    A partner has the right in equity to have the firm assets applied to the payment of the firm debts.    While the bill does not in so many words pray for such application, the general frame of the bill is to that end and the prayer for general relief is sufficient therefor.    The questions raised by the four first assignments are sufficiently answered in Story's Equity Jurisprudence, vol. 1, sec. 672, where the author says:  "If it is deemed expedient and proper the court will restrain the partners from collecting the debts or

disposing of the property of the concern and will direct the moneys of the firm received by any of them to be paid into court."

That the decree is not supported by the findings of the court is not tenable, first, because it is so supported, and second, because if it were not, yet the presumption is that it is warranted by the master's report, which plaintiff in error has not seen fit to present in this record.

Perceiving no error in this record the decree will be affirmed.

*Affirmed.*